UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTOPHER VANGESSEL,**
an individual,

       Plaintiff,

v.

**FORGE INDUSTRIAL STAFFING, INC,**
a foreign profit corporation,
**HEARTHSIDE FOOD SOLUTIONS, LLC**,
a limited liability company,

       Defendants.

Case No.

Hon.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, by and through his attorneys, and in his Original Complaint states as follows:

1. This is a civil action for relief brought on behalf of Plaintiff Christopher VanGessel ("Plaintiff") against Defendants Forge Industrial, Inc. and Hearthside Food Solutions, LLC. (hereinafter collectively referred to as "Defendants") due to their violation of the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) for having

retaliated against Plaintiff by terminating him without cause as well as having failed to pay him his wage due for all hours worked.

2. The unfounded termination against Plaintiff was done for an improper purpose, specifically it was to harass and/or intimidate Plaintiff for having complained about not being paid for all the hours worked.

3. The factual contentions advanced by Defendants for the purpose of the termination did not have evidentiary support.

4. Defendants terminated Plaintiff in retaliation for the Plaintiff having complained about having hours missing on his paycheck - seeking to collect his unpaid wages which were not paid in violation of the FLSA, 29 U.S.C. 215(a)(3).

5. The termination was done with a retaliatory motive.

6. Plaintiff seeks a declaration that his rights were violated, an award for his unpaid wages, compensatory damages, exemplary damages, and/or punitive damages, along with an award of attorney's fees and costs to make him whole for damages suffered.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the retaliation alleged in this complaint occurred in this District and the parties all reside in this District.

## PARTIES

9. Plaintiff Christopher VanGessel is an individual residing in the County of Kent, state of Michigan.

10. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

11. Plaintiff worked for Defendants from January 10, 2023 until January 23, 2023.

12. Defendant Forge Industrial Staffing, Inc. (hereinafter referred to as "Forge"), is a Michigan corporation located in Kent County, Michigan, and whose resident agent is Louis J. Moreli, located at 5011 28th St. Se Grand Rapids, Michigan 49512.

13. Defendant Hearthside Food Solutions, LLC (hereinafter referred to as "Hearthside") is a foreign limited liability company residing in Macomb County, Michigan.

14. Defendants are joint employers as defined by the FLSA, 29 U.S.C. 203(d).

## GENERAL ALLEGATIONS

15. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

16. Plaintiff has no prior disciplinary history with Defendants.

17. On January 19, 2023, Plaintiff spoke with an individual named Sunny Pereidas from Human Resources for Heartside concerning some missing hours and bonus incentive for his paycheck with pay period ending January 15, 2023.

18. Sunny told him he needed to speak with Forge as they were the ones who assigned him to Heartside and from whom he receives his pay.

19. Plaintiff went to speak to a supervisor at Heartside the next morning and they indicated they would investigate the issue. They took his information including his badge number and told him they would get back to him later.

20. Plaintiff then went to speak to Forge later that afternoon and spoke with Michael at Forge who also promised an investigation would be done.

21. On January 22, 2023, Plaintiff was working when a woman named Maria approached him and asked him to stop working and follow her to her office.

22. Maria told Plaintiff that she had received information from another supervisor that Plaintiff had mentioned wanting to hire an attorney to collect his unpaid wages and she stated that if he did that, it would be slander.

23. Maria was visibly upset, told Plaintiff to sit down four times in a raised voice, and was yelling at Plaintiff about his complaint.

24. Plaintiff felt threatened by that conversation with Maria and the mention of the term slander various times.

25. Plaintiff became upset, began shaking from the stress of the situation and was very uncomfortable and unsafe during that conversation.

26. The following day, Plaintiff went to Forge to report the incident with Maria and her verbal attacks.

27. Plaintiff was told by a representative of Forge that he was terminated effective immediately because he had mentioned wanting to hire an attorney to collect his unpaid wages.

28. Plaintiff left the office and to date, has not been paid for all the hours worked.

29. The termination was done with the intention of harassing, intimidating and/or dissuading the Plaintiff, and others, from pursuing his rights under the FLSA.

**ALLEGATIONS RELATED TO RETALIATION BY DEFENDANTS**

30. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

31. Defendants do not enjoy any qualified or absolute immunity for the termination and retaliating against Plaintiff.

32. Defendants do not enjoy any qualified or absolute immunity the termination and retaliating against Plaintiff in violation of a statutorily protected right.

33. Defendants' motivation for terminating and otherwise disciplining Plaintiff was to punish the Plaintiff for having attempted to enforce his statutory rights.

34. Defendants' motivation for terminating and otherwise disciplining Plaintiff was to deter Plaintiff from pursuing his wage claim.

35. Defendants' motivation for terminating and otherwise disciplining Plaintiff was to intimidate and harass him into not pursuing his claim.

36. Defendants knew or should have known that the factual allegations made in the reasoning for the suspension were frivolous, lacked basis in fact or law, and was retaliatory.

37. Defendant Heartside requested, encouraged, allowed and/or permitted the Plaintiff's termination by Defendants.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(a)3)**
**RETALIATORY CONDUCT**

38. Plaintiff realleges and incorporates herein all previous paragraphs.

39. Plaintiff asserts this claim against all Defendants.

40. The FLSA applied to Plaintiff's employment with Defendants at all relevant times.

41. Section 215(a)(3) of the FLSA prohibits "any person" from retaliating against an employee because he or she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

42. Section 216(b) of the FLSA establishes a right of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title."

43. Defendants terminated Plaintiff in response to the pursuit of his unpaid wages and his intended pursuit of his claim through litigation.

44. Defendants would not have investigated and then terminated Plaintiff if not for his having complained about his missing wages.

45. Defendants' investigation and termination of Plaintiff was in direct retaliation for the Plaintiff having complained about pay missing from his paycheck.

46. Defendants' actions in investigating and terminating Plaintiff constitutes unlawful retaliation under the FLSA, 29 U.S.C. § 215(a)(3) as they were taken in direct response to Plaintiff's having complained about missing pay and his request for an investigation into said missing wages. .

47. Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiff of his rights.

48. The above retaliatory termination was done in concert by the Defendants in the course of and within the scope of the agency relationships between them.

49. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, and he has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

50. Pursuant to section 216(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, exemplary, compensatory and punitive damages, as well as his reasonable attorneys' fees and costs.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

51. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

52. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

54. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

55. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

56. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

57. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff requests the following relief:

A. The actions of the Defendants, complained of herein, be adjudicated, decreed, and declared a violation of section 215(a)(3) of the FLSA;

B. For an award of compensatory damages in an amount to be proven at trial;

C. For an award of exemplary damages in an amount to be proven at trial;

D.      For an award of punitive damages in an amount in excess of $75,000 or an amount determined to be sufficient to punish the Defendants for their unlawful conduct and to deter others from taking similar actions;

E.      Defendants be found to have unlawfully retaliated against Plaintiff in the suspension and investigation of Plaintiff;

F.      Defendants be jointly and severally ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA; and

G.      The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

/s/   Robert Anthony Alvarez            .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## REQUEST FOR TRIAL BY JURY

    NOW COMES Plaintiff, Christopher VanGessel, by and through his attorney, Robert Anthony Alvarez, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*           .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 26 JAN 23

/s/ Chris VanGessel
Christopher VanGessel